IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2199-FL

| | | |
|---|---|---|
| BRIAN D. SNYDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss (DE # 4) of respondent Warden Tracy W. Johns ("respondent"). In this posture, the matter is ripe for adjudication. For the following reasons, the court denies respondent's motion.

## STATEMENT OF THE CASE

On March 27, 2008, petitioner, in the United States District Court for the Middle District of Pennsylvania, pleaded guilty to fraud involving aircraft parts in interstate or foreign commerce and transportation of stolen goods in interstate commerce with an aggregate value of more than one thousand dollars ($1,000). Pet. Ex. 9. On September 4, 2008, petitioner was sentenced to a term of fifty-one (51) months imprisonment and a term of three years supervised release. Mem. in Supp. of Pet. 2. Petitioner's projected release date is September 4, 2012. Pet. Ex. 2.

On September 7, 2010, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the BOP's decision to deny him consideration for timely placement in a residential reentry center ("RRC") was arbitrary, capricious, and contrary

to the plain language of 18 U.S.C. § 3624(c). On January 6, 2011, respondent filed a motion to dismiss arguing that petitioner's petition is without merit, which was fully briefed.

On July 28, 2011, petitioner filed a motion to transfer this action to the United States District Court for the Eastern District of Kentucky. Petitioner asserted that transfer was appropriate because the Warden at his new institution had jurisdiction over him. The court granted petitioner's motion on September 14, 2011, finding that the United States District Court for the Eastern District of Kentucky was the appropriate forum for petitioner's action. On September 16, 2011, the United States District Court for the Eastern District of Kentucky transferred the action back to this court, stating that this court is the appropriate forum for the action.

## DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when

2

accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

The BOP has the authority to designate the location of an inmate's imprisonment. 18 U.S.C. § 3621(b). In making its determination, the BOP considers the following:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstance of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence–
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Further, 18 U.S.C. § 3624(c) as amended by the Second Chance Act of 2007 provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community corrections facility.

18 U.S.C. § 3624(c)(1). Together, §§ 3621(c) and 3624(b) grant the BOP discretion to transfer a prisoner to an RRC for a period not to exceed twelve (12) months. Yannucci v. Stansberry, No. 2:08CV561, 2009 WL 2421546, *4 (E.D. Va. July 28, 2009). In exercising this discretion, the BOP

3

must in good faith consider the five factors enumerated in § 3621(b). See Wedelstedt v. Wiley, 477 F.3d 1160, 1168 (10th Cir. 2007); Yannucci, 2009 WL 2421546 at *4. Provided that the BOP officer considers each of the statutory factors established by § 3621(b), the officer's determination whether and for how long an inmate will be transferred into an RRC falls within the proper exercise of the officer's discretion. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 249 (3rd Cir. 2005).

The evidence in the record reflects that, in April 2010, the BOP reviewed petitioner's request for placement at a RRC in accordance with § 3624(c)(1), and determined that petitioner was not eligible for RRC placement at that time. Pet. Ex. 7. Further, the BOP informed petitioner that he again would be evaluated for RRC placement by his unit team between seventeen (17) and nineteen (19) months before his projected release date, and that a final determination would be made at that time. Id. The record, however, does not contain a written report concerning the BOP's § 3621(b)'s five-factor analysis. Rather, it contains a conclusory statement, in a response to petitioner's request for administrative remedy, stating that the five factors were considered. Because the record does not contain sufficient evidence that the BOP in good faith considered § 3621(b)'s five-factors, respondent's motion to dismiss is DENIED.

## CONCLUSION

Respondent's motion to dismiss (DE # 4) is DENIED. Respondent is allowed twenty-one (21) days from entry of this order to file a motion for summary judgment.

SO ORDERED, this the 22" day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4